# EXHIBIT 1

1    ***Paul Perkins v. American National Insurance Company***

2    **Civil Action No. 3:05-CV-100 (DL)**

3    **UNITED STATES DISTRICT COURT—MIDDLE DISTRICT OF GEORGIA**

4

5    <u>**SETTLEMENT AGREEMENT**</u>

6    **IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff, Paul

7    Perkins and American National Insurance Company, ("ANICO"), through their duly-authorized

8    counsel, to settle all matters asserted in this Action on the terms and conditions set forth in this

9    Settlement Agreement subject only to the approval of the Court and the entry of the orders

10    contemplated by this Agreement.

11    **INTRODUCTION**

12    **A.    Plaintiff's Allegations**

13    1.    On October 7, 2005, Plaintiff filed a Complaint in the Superior Court of Clarke

14    County, Georgia, alleging that he purchased single premium credit life and credit disability

15    insurance from Defendant, ANICO, in connection with the purchase by financing of a 2002

16    Chevrolet Avalanche on September 4, 2001.

17    2.    Plaintiff alleged that he prepaid the insured financial obligation on November 17,

18    2003, entitling him to a refund of credit insurance premiums collected by ANICO and sued to

19    recover it in this Action.

20    3.    Plaintiff further alleged that he was representative of a class of persons similarly

21    situated, and sought certification of a nationwide class of all owners and former owners of

22    ANICO credit insurance policies pursuant to O.C.G.A. §9-11-23.

5/4/07                                    1

23      4.      ANICO timely removed the case from the Superior Court of Clarke County to the

24   United States District Court for the Middle District of Georgia—Athens Division, where it was

25   assigned to the Honorable Clay D. Land, United States District Judge.

26      **B.     ANICO's Response to Allegations**

27      5.      ANICO expressly denies any wrongdoing alleged by the Plaintiff and does not

28   admit nor concede any actual or potential fault, wrongdoing or liability in connection with any

29   facts or claims that have been or could have been alleged against it in the Action. Furthermore,

30   ANICO alleges that it has numerous defenses to the allegations made by Plaintiff, including

31   factual and legal objections to certification of this case as a class action. ANICO believes that

32   the Plaintiff's case may not be certified as a class action for trial under Rule 23, Fed.R.Civ.P.,

33   absent the agreement of parties as set forth herein and subject to the approval of the Court.

34      **C.     Interim Class Counsel's Investigation**

35      6.      This Court has appointed James E. Butler, Jr. and Ben B. Philips as Interim Class

36   Counsel pursuant to Rule 23(g)(2)(A), Fed.R.Civ.P. Interim Class Counsel have demonstrated a

37   willingness and ability to identify and investigate the potential claims in the Action. Indeed,

38   Interim Class Counsel's extraordinary efforts to argue for maintenance of this Action before the

39   United States District Court for the Middle District of Georgia, which is amply evidenced in the

40   record, demonstrate that Interim Class Counsel have represented the potential class with unusual

41   vigor. Interim Class Counsel are involved in multiple class action lawsuits against insurance

42   companies relating to the alleged failure to return unearned premiums to policyholders. During

43   the course of these other actions, Interim Class Counsel have demonstrated an ability to acquire

44   the knowledge of the applicable law and the commitment to devote the resources necessary to

45   represent the class.

46      7.      Interim Class Counsel have reviewed substantial evidence relating to the claims
47  alleged in the Action, has conducted a thorough investigation and examination of the relevant
48  facts to assess the merits of Plaintiff's claims and ANICO's defenses, and has conducted further
49  investigation to determine how to best serve the interest of the Plaintiff and the putative Class.

50      8.      Thus, for purposes of this settlement, Interim Class Counsel has met the
51  requirements of Fed.R.Civ.P. 23(g)(1)(C).

52      **D.      No Resolution of the Substantive Contentions of the Parties**

53      9.      The Court has not ruled on any of the substantive contentions of the Parties
54  regarding liability, damages or defenses, nor expressed any opinion with respect thereto. This
55  Settlement Agreement shall in no event be construed or deemed to be a concession by, or
56  evidence of any admission or concession by, either (1) Plaintiff, of any infirmity in the causes of
57  action asserted in the lawsuit, or (2) by ANICO, with respect to any allegation or cause of action,
58  or of any wrongdoing or liability whatsoever, or of any infirmity in any of the defenses that
59  ANICO has asserted, or may assert, in the lawsuit.

60      **E.      Interim Class Counsel's and Plaintiff's Settlement Recommendation**

61      10.      Based upon their discovery, investigation and evaluation of the facts and law
62  relating to the matters alleged in the pleadings, Plaintiff and Interim Class Counsel have agreed
63  to settle the Action pursuant to the provisions of this Agreement after considering, among other
64  things: (1) the substantial benefits to the putative Class under the terms of this Agreement; (2)
65  the risks, costs and uncertainty of protracted litigation, and the likelihood of success, especially
66  in complex actions such as this Action, as well as the difficulties and delays inherent in such
67  litigation; and (3) the desirability of consummating this Agreement promptly, in order to provide
68  relief to the Plaintiff and the putative Class. Given that relief, and in consideration of all

69   circumstances, the proposed settlement set forth in this Agreement is fair, reasonable, adequate,

70   and in the best interest of the purported Class as required by Fed.R.Civ.P. 23(e)(1)(C).

71                                    **CLASS DEFINITION**

72        11.    The Class shall consist of all persons who purchased single premium credit life

73   and/or credit disability insurance issued by ANICO in the United States whose policies (a) were

74   in effect and entered into ANICO's LOGIC system at any time between October 7, 1999, and the

75   date that the Court enters an Order Preliminarily Approving the Class Action Settlement of this

76   Action ("Preliminary Approval Order"); **and** (b) whose insured indebtedness was extinguished

77   prior to its scheduled termination while the insurance was in effect; **and** (c) who have not

78   received a refund of any unearned premium.[1]  Excluded from the Class are those persons who

79   received a refund of unearned premium:  (1) in the ordinary course of ANICO's business; **or** (2)

80   pursuant to the final executed Assurance of Voluntary Compliance ("AVC") with the Attorney

81   General of the State of Texas and attached hereto as **Exhibit A**.  In this paragraph, "ordinary

82   course of ANICO's business" shall permit ANICO to send a refund of unearned credit life or

83   credit disability insurance premium to any insured who independently requests ANICO to refund

84   unearned premium or as to whom ANICO receives information other than through the process

85   described below in paragraphs 23 through 33 that establishes that a refund of unearned premium

86   is due to be issued.  Specifically, ANICO agrees not to use any of the information it gathers in

87   preparing the List of Prospective Class Members as a basis to pay any potential Class Member a

88   refund of any unearned credit insurance premium until so required by the terms of this

89   Settlement Agreement.  In other words, ANICO will not take advantage of the process outlined

---

[1] When used herein, or in any document related to this Action, "entered into ANICO's LOGIC system" shall refer to that computer processing system used by ANICO to administer credit life and credit disability insurance policies as sold by all its various producers.  ANICO expressly represents and warrants that every credit life and credit disability insurance policy sold by its various producers are in fact entered into the LOGIC system.

90    in this Settlement Agreement to issue refunds except pursuant to the terms of this Settlement

91    Agreement, as doing so would diminish the size of the Class included in this Settlement

92    Agreement.    In this paragraph, "pursuant to the final executed Assurance of Voluntary

93    Compliance ("AVC") with the Attorney General of the State of Texas," shall mean that the

94    following insureds residing in the State of Texas shall be excluded from the Class as a result of

95    this clause:    (a) those insureds who purchased insurance in the State of Texas, previously

96    identified on those lists prepared by the Attorney General of the State of Texas in connection

97    with **Exhibit A** as those Texas motor vehicle purchasers who are due a refund of unearned

98    premiums for the years from 2002 through 2006; and, (b) those residents of Texas who were

99    insured by ANICO credit life or credit disability insurance during the years 2002 through 2006,

100    who will receive "claim forms" in the mail pursuant to Exhibit A, and who then respond to the

101    first class mail notice contemplated by **Exhibit A** by sending in the "claim forms" described

102    therein, and who thereafter are paid unearned premium refunds by ANICO pursuant to the terms

103    of **Exhibit A** as a result of submitting valid claim forms.

104    **PRELIMINARY APPROVAL**

105    12.    Within fifteen (15) days of the execution of this Agreement by the Parties or such

106    other dates as may be acceptable to the Court, the Parties shall submit this Agreement, including

107    all attached exhibits, to the Court and seek to obtain from the Court a Preliminary Approval

108    Order in substantially the same form as **Exhibit B** to this Agreement.

109    13.    The Parties shall jointly request that an injunction be granted by the Court,

110    pending consideration of the proposed settlement by the Settlement Class. The injunction shall

111    stay all proceedings in this Action and any and all other proceedings in any court wherein claims

112    similar to those made in *Perkins* are being asserted; enjoin ANICO from entering into any

113  agreements settling claims made by or on behalf of any credit insurance policyholders for
114  unearned premium refunds, except claims made individually by ANICO insureds independently
115  of this Settlement Agreement or the process outlined in this Settlement Agreement, within the
116  ordinary course of ANICO's business; and, except as noted above with respect to the case styled
117  *State of Texas v. ANICO,* Cause No. D-1-GV-06-001363, District Court of Travis County, Texas;
118  enjoin any insured or Class Member and/or any person acting in his, her, or their behalf from
119  commencing or prosecuting any action or proceeding in any court or tribunal against ANICO
120  which asserts any claim for unearned premium refunds, either on behalf of an individual or a
121  putative class, except that any insureds may timely exclude themselves from this settlement in
122  accordance with the opt out provisions of the Settlement Agreement.   The parties agree that the
123  stay and injunction is necessary to protect and effectuate the Settlement and preserve the Court's
124  jurisdiction over the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil
125  Procedure and that each regards it as a material term of this Settlement Agreement.   The
126  referenced stay and injunction shall not apply to that settlement being considered by ANICO and
127  the Attorney General of the State of Texas of the case styled *State of Texas v. ANICO,* Cause No.
128  D-1-GV-06-001363, District Court of Travis County, Texas.

129                                              **CLASS COUNSEL**

130            14.     Plaintiff will propose, and ANICO will not oppose the appointment of Interim
131  Class Counsel as Class Counsel for the Settlement Class as part of the Order Preliminarily
132  Approving the Class Action Settlement of this Action.

133                                    **W. BAILEY GROSS V. ANICO**

134            15.     Within ten (10) days after entry of a Non-appealable Final Judgment, W. Bailey
135  Gross will dismiss without prejudice the case of W. Bailey Gross v. American National

136    Insurance Company, Civil Action File No. SU-05-CV-569-6 in the Superior Court of Muscogee

137    County, Georgia. If necessary, ANICO agrees not to oppose the intervention of W. Bailey Gross

138    in this Action to act as an additional Plaintiff and Class Representative.

139                              **STATUTORY NOTIFICATION**

140            16.    Within ten (10) days of the filing of this Settlement Agreement with the Court,

141    ANICO shall provide notice of the proposed settlement to the appropriate state officials as

142    required by 28 U.S.C. §1715 ("CAFA").

143                              **SETTLEMENT ADMINISTRATOR**

144            17.    On the joint recommendation of ANICO and Class Counsel, the Court shall be

145    requested to appoint Rust Consulting, Inc. of Minneapolis, Minnesota as the Settlement

146    Administrator. The Settlement Administrator shall be charged with monitoring the parties'

147    performance of their duties under the Settlement Agreement and other specific duties as set forth

148    in the Settlement Agreement. ANICO will pay all reasonable fees and expenses incurred by the

149    Settlement Administrator.  The Settlement Administrator's duties shall include, but not be

150    limited to, supervising and accrediting the actions required of ANICO by this Agreement. The

151    Settlement Administrator shall perform a limited spot audit of the process by which ANICO

152    excludes those Texas insureds referenced in Paragraph 11 to ensure that the Attorney General is

153    not adding additional insureds to the lists contemplated by the AVC and that ANICO is not

154    excluding from the Class any insureds who are not residents of the State of Texas.

155            **A.    SETTLEMENT ADMINISTRATOR'S AUDIT RESPONSIBILITY**

156            18.    The Settlement Administrator shall review and audit the process by which

157    ANICO creates the List of Class Members from the List of Prospective Class Members.

158    Specifically, the Settlement Administrator shall spot audit ANICO's lists to determine the

159    accuracy and validity of ANICO's claims that certain insureds received refunds. The Settlement

160    Administrator shall review a sufficient number of ANICO's records reflecting refunds to

161    customers of active dealers so as to reasonably satisfy the Administrator that the insureds shown

162    as having received a refund of unearned premium actually received (or were credited with) the

163    refunds. He shall do so by reviewing ANICO's records and, where the Administrator deems it

164    necessary, contacting the dealer who processed the refund to satisfy the Administrator that the

165    refunds were made. A canceled check or an ANICO record reflecting a credit to a dealer who

166    made the refund shall be, as to ANICO, conclusive proof that a refund was made.

167    19.    In the event that the Settlement Administrator determines that ANICO may not

168    have made a refund, ANICO will send a first class letter to the insured (at an address updated

169    using Accurint) advising him that ANICO's records reflect that he received a refund of unearned

170    premium and offering him an opportunity (i) to advise the Settlement Administrator that he

171    believes that he did not receive a refund and (ii) to support his claim with any records he has of

172    loan termination and other records related to the transaction that resulted in the early termination

173    of the loan (such as refinancing of the loan, purchase of another vehicle, etc.) The Settlement

174    Administrator shall have 15 days within which to conduct an audit of the insured's claim;

175    provided however that if the Settlement Administrator determines that letters need to be mailed

176    pursuant to the terms of this paragraph, ANICO shall mail any necessary letters to insureds as

177    contemplated by this paragraph within 10 days of notification by the Settlement Administrator of

178    the requirement that ANICO do so, and the Settlement Administrator shall have an additional  20

179    days to resolve any disputes defined by this paragraph.

180    20.    If the Settlement Administrator determines that there is a greater than 10% error

181    rate in ANICO's records of refunds, the Administrator will report his findings and the basis for

182   them to Class Counsel, and Class Counsel and ANICO will have 15 days in which to agree upon

183   an amendment to the Settlement Agreement to address the error rate. Any amendment to the

184   Settlement Agreement to address the error rate must be approved by the Court. In the event that

185   agreement upon an amendment to address the perceived error rate problem cannot be reached,

186   the Settlement Agreement will be null and void, and the parties will report the result to the Court

187   by requesting that the Preliminary Approval Order be rescinded.

188      21.    To the extent that the Settlement Administrator determines that ANICO's records

189   are reasonably accurate but that certain insureds are incorrectly shown as having received

190   refunds, those insureds shall be included in the list of Class Members.

191      **B.**     **ADMINISTRATOR'S ADJUDICATION RESPONSIBILITY**

192      22.    The Settlement Administrator shall also be charged with resolving any disputes as

193   to whether a given Prospective Class Member should be a Class Member. The Settlement

194   Administrator shall receive proof from any insured and/or from ANICO with respect to any

195   dispute over whether a Prospective Class Member's loan is still active after receiving a claim and

196   evidence pursuant to Paragraph 36(5). The Settlement Administrator shall, in his sole discretion,

197   determine what evidence shall be required from such insured and from ANICO with respect to

198   any dispute. A canceled check or an ANICO record reflecting a credit to a dealer who made a

199   refund shall be, as to ANICO, conclusive proof that a refund was made. The Settlement

200   Administrator will resolve all disputes over whether a Prospective Class Member's loan is still

201   active, and the resolution of the Settlement Administrator shall be final and binding.

202                  **DATABASE OF PROSPECTIVE CLASS MEMBERS**

203        **A.**      **CREATION OF A DATABASE OF PROSPECTIVE CLASS MEMBERS**

204        23.      Within 120 days after the entry of the order preliminarily approving the class

205 settlement or within 120 days of May 21, 2007 (whichever is later), ANICO shall create a List of

206 Prospective Class Members which shall consist of all persons in the United States insured by

207 ANICO single premium credit life and/or credit disability insurance policies on or after October

208 7, 1999 through the date of the entry of the Preliminary Approval Order. ANICO shall create

209 this list in the form of an electronic database including the following data fields for each policy

210 issued. ANICO shall enter the information required to complete each field in such database, to

211 the extent such information is within the possession, custody, and control of ANICO.

212             a.      Name of primary insured

213             b.      Effective date of insurance

214             c.      Premium paid for credit life insurance

215             d.      Premium paid for credit disability insurance

216             e.      Scheduled expiration date of credit life insurance

217             f.      Scheduled expiration date of credit disability insurance

218             g.      Policy or certificate number

219             h.      State of issue

220             i.      Dealer/producer name

221             j.      Dealer/producer code

222             k.      Actual termination date of credit life insurance

223             l.      Actual termination date of credit disability insurance

224             m.      Actual termination date of loan

225          n.     Insurance status code

226          o.     Address Field 1 of primary insured

227          p.     Address Field 2 of primary insured

228          q.     City and State of primary insured

229          r.     Zip code of primary insured

230          s.     Date of birth of primary insured

231          t.     Creditor and/or loan assignee

232          u.     Creditor/loan assignee address field 1

233          v.     Creditor/loan assignee address field 2

234          w.     Creditor/loan assignee city and state

235          x.     Creditor/loan assignee zip code

236          y.     Social security number of primary insured

237          z.     Unearned credit life insurance premium

238          aa.     Unearned credit disability insurance premium

239          bb.     Whether producer record shows refund has been paid

240          cc.     Date Refund of Unearned Premium Made

241          dd.     Amount of Refund of Unearned Premium for credit life insurance

242          ee.     Amount of Refund of Unearned Premium for credit disability insurance

243     **B.**     **COMMENCING DATABASE OF PROSPECTIVE CLASS MEMBERS**

244     24.     Within 120 days after the entry of the order preliminarily approving the class

245 settlement, ANICO will also divide that List of Prospective Class Members by producer.

246 ANICO will send to each producer a list of all prospective class members whose policies were

247 originated by that producer, but including only those insureds whose policies were originated by

248    such producer. ANICO shall send the list to each producer in one or more of the following

249    ways: (1) by hard copy, for the producer to complete manually; or (2) by electronic copy, for

250    the producer to complete by entry of data onto a physical electronic storage medium. ANICO

251    may also establish a confidential website accessible only by said producers whereby the

252    information may be directly entered into ANICO's records via the internet.

253        25.    ANICO and Class Counsel shall jointly draft and submit an Agreed Court Order

254    (in the form attached as **Exhibit C**) directing ANICO's dealers/agents/producers and the loan

255    assignees, and any Class Member's creditor/lender to comply with the Court Order and to

256    cooperate fully with the parties and to provide the information referenced in the Database of

257    Prospective Class Members and to keep all information provided or received strictly confidential

258    and private. If the Court approves and enters the Agreed Order, ANICO will provide a copy of it

259    to each producer and will instruct each such producer to forward a copy of such Court Order to

260    each loan assignee contacted by such producer.

261        26.    ANICO will instruct each producer to enter the information required by any of the

262    fields which have not already been completed by ANICO, based on information in the

263    possession, custody, and control of such producer and to return the Database of Prospective

264    Class Members with all said information to ANICO no later than forty-five (45) days after

265    receiving the request from ANICO.

266        27.    ANICO will further instruct each such producer to contact the loan assignees for

267    those insureds whose policies were originated by said producer and to obtain from such loan

268    assignees all other information necessary to completely fill out all fields in said database,

269    particularly including the last known address for each primary insured, the status of each loan

270  (whether active or paid) and, if paid, the date of the loan's payoff (i.e., "Actual termination date
271  of the loan").

272    28.    ANICO will further instruct such producers to return the completed database with
273  all fields completed to ANICO, and that, if and to the extent any loan assignee fails to provide
274  the required information, such producer shall report that fact to ANICO and document its efforts
275  to obtain such information from such loan assignee, and shall provide the name, address, and
276  contact person for such loan assignee.

277    29.    During the 120 day period after entry of the Preliminary Approval Order, should
278  ANICO become aware that a given producer is bankrupt or no longer exists as a legal entity, and
279  its records are no longer in existence and are not available to ANICO, ANICO may proceed to
280  initiate direct contact with the Prospective Class Members generated by said producer, pursuant
281  to Section E below.

282    **C.    PRODUCER'S FAILURE TO COOPERATE**

283    30.    To the extent a producer fails to provide ANICO the required information and/or
284  fails to contact loan assignees/lenders as contemplated herein, ANICO shall within 60 days after
285  the 45 day period prescribed in Paragraph 26, with notice to Class Counsel, obtain a subpoena
286  from the Court directing such producer to provide the required information and serve that
287  subpoena on such producer. In the event that so many subpoenas are required that ANICO is
288  unable to effectively obtain information from the producers, the Parties may agree or, on one
289  party's motion, after a hearing, the Court may order the appointment of a Special Master to issue
290  subpoenas. In additional to any other amounts to be paid herein, ANICO shall pay all fees and
291  expenses of any Special Master so appointed.

292      **D.    ASSIGNEE'S/LENDER'S FAILURE TO COOPERATE**

293      31.    Within the 60 day period that subpoenas are to be served pursuant to Paragraph

294  30, ANICO shall also contact all loan assignees from whom producers have claimed to be unable

295  to obtain the required information, to the extent the identity of such lender is available from

296  ANICO's own records or has been provided by producers, and remind such loan assignees of

297  their obligations to provide the required information pursuant to the Agreed Court Order, and

298  seek to obtain all required information from such loan assignees.

299      32.    To the extent any lender fails to provide the required information to ANICO's

300  producer or to ANICO as contemplated in this Agreement, ANICO shall, with notice to Class

301  Counsel, obtain a subpoena from the Court directing such lender provide the information in the

302  lender's possession, custody or control responsive to fields in the database, and serving that

303  subpoena on said lender. In the event that so many subpoenas are required that ANICO is unable

304  to effectively obtain information from the lenders, the Parties may agree or, on one party's

305  motion, the Court may, after a hearing, order the appointment of a Special Master to issue

306  subpoenas. In additional to any other amounts to be paid herein, ANICO shall pay all fees and

307  expenses of any Special Master so appointed.

308      **E.    DIRECT CONTACT WITH PROSPECTIVE CLASS MEMBERS**

309      33.    Within 120 days from the entry of the Preliminary Approval Order, with respect

310  to all insureds for whom the loan assignee/lender has not been identified by the producers

311  pursuant to the paragraphs above, or for whom no producer presently legally exists or for whom

312  a producer is bankrupt and its records are no longer in existence and are not available to ANICO,

313  ANICO shall:

314    (1)    Obtain an Accurint batch update of the last known address for each such insured

315    and send to each such insured at such updated address a first class letter asking whether the

316    insured's loan terminated early, and, if so, the name of the insured's lender and the lender's

317    location.

318    (2)    ANICO shall then contact the lender identified to determine whether that insured

319    should be included in the List of Class Members. Should such insured fail to identify his or her

320    lender or otherwise fail to respond to ANICO, then the insured's loan will be presumed to be

321    paid according to its schedule and no Unearned Premium shall be due that insured.

322    The Settlement Administrator shall monitor ANICO's compliance with this Paragraph.

323    **EXTRAORDINARY INTERVENTION**

324    34.    The parties hereto recognize and acknowledge that a nationwide effort to comply

325    with the terms of this settlement may require substantial judicial resources. In the event that

326    third parties to the settlement create substantial and ongoing impediments to the implementation

327    of the settlement, either by failing or refusing to provide the information required by Database of

328    Prospective Class Members or otherwise, the Parties may agree or, on one party's motion, the

329    Court may, after a hearing, order the appointment of a Special Master to facilitate

330    implementation of the settlement. In additional to any other amounts to be paid herein, ANICO

331    shall pay all fees and expenses of any Special Master so appointed.

332    35.    Further, the parties to this Agreement are aware that matters outside the control of

333    the parties (e.g. war, terrorism, hurricanes) could affect the ability of the parties to comply with

334    the terms of this Agreement in a timely manner and agree to present such matters to the Court for

335    appropriate adjustment of the timetable contemplated herein, if necessary.

336 **LIST OF CLASS MEMBERS**

337     36.     Within 255 days after the entry of the Preliminary Approval Order, ANICO shall:

338     (1)     Update the List of Prospective Class Members to include all information received
339 from producers and/or loan assignees;

340     (2)     Provide to the Settlement Administrator the updated List of Prospective Class
341 Members;

342     (3)     Determine which insureds on the List of Prospective Class Members have
343 previously received an unearned premium refund or are participants under the AVC;

344     (4)     Determine which insureds on the List of Prospective Class Members have loans
345 which are still active so that their insurance coverage is still in force;

346     (5)     Send to each insured whose loan is shown as active on ANICO's computer system
347 a first class mail letter explaining this Settlement and the fact that ANICO's records and/or
348 inquiries indicate that the insured's loan is still active, and offering that insured an opportunity to
349 dispute that contention with proof and to seek inclusion as a Class Member pursuant to Paragraph
350 22;

351     (6)     Create and provide to Class Counsel and the Settlement Administrator a List of
352 Class Members which shall consist of all insureds shown on the List of Prospective Class
353 Members less and except (i) those who have been found either to have received unearned
354 premium refunds (subparagraph (3) above); (ii) those who are to receive a refund under the AVC
355 with the Attorney General of Texas because they are listed on the list referenced in Paragraph 11;
356 (iii) those insureds who receive a refund as a result of sending in a claim form pursuant to the
357 AVC described in Paragraph 11; and, (iv) those insureds that ANICO's records show as still
358 being active.

5/4/07     16

359        (7)      Based on the information received in the course of creating the List of Prospective
360    Class Members, ANICO shall calculate the Unearned Premium due to each insured identified on
361    the List of Class Members in accordance with the terms of each Class Member's policy and the
362    minimum refund procedures enacted by the statute or regulations governing calculation of
363    premium refunds applicable for each state of issuance.  That amount shall be entered in the
364    database.

365                                    **CLASS RELIEF**

366        37.      The amount due each Class Member shall be: 125% of the unearned credit life
367    and credit disability insurance premium as shown in the database.  The total shall be the Gross
368    Amount Due each Class Member.  The sum of the Gross Amounts Due each Class Member shall
369    comprise the Settlement Fund from which contingent attorneys' fees will be calculated and
370    subtracted.  ANICO's financial obligation to Class Members and Class Counsel shall be limited
371    to the amount of the Settlement Fund, except that ANICO may also be obligated to pay expenses
372    of Class Counsel as explicitly contemplated herein.  ANICO shall also be responsible for
373    payment of expenses as explicitly contemplated herein, including the cost and expenses of the
374    Settlement Administrator and/or any Special Master appointed as provided herein.

375                      **RELEASE OF ANICO FROM FURTHER CLAIMS**

376        38.      In return for the consideration provided in the Agreement, the Plaintiffs and all
377    other Class Members, individually and on behalf of anyone acting on behalf or for the benefit of
378    a Class Member, including, but not limited to agents, attorneys, predecessors, successors,
379    insurers, administrators, heirs, executors and assigns ("Releasing Parties"), shall release and
380    discharge ANICO, its subsidiaries, affiliates, predecessors, successors, and assigns, and each of

381  its past, present and future officers, directors, employees, producers, agents, representatives,

382  attorneys, heirs, administrators, and executors (collectively, the "Released Parties") as follows:

383      39.    Releasing Parties shall release, acquit and forever discharge the Released Parties

384  from any and all past, present and future causes of action, claims, damages, awards, equitable,

385  legal and administrative relief, interest, demands or rights that are based upon, related to, or

386  connected with, directly or indirectly, in whole or in part:  (a) the allegations, facts, subjects or

387  issues that have been, could have been, may be or could be set forth or raised in this Action with

388  respect to credit life insurance or credit disability insurance; or (b) the manner in which the

389  Released Parties trained and supervised any of the Released Parties, including but not limited to

390  ANICO's producers and representatives, or any of them.

391      40.    Releasing Parties agree, covenant and acknowledge that they shall not now or

392  hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either

393  directly or indirectly, derivatively, or on their own behalf, or on behalf of the Class or the general

394  public, or any other person or entity, against the Released Parties based on allegations that are

395  based upon or related to, directly or indirectly, in whole or in part:  (a) the allegations, facts,

396  subjects or issues that have been, could have been, may be or could be set forth or raised in this

397  Action with respect to credit life insurance or credit disability insurance, or (b) the manner in

398  which the Released Parties trained and supervised any of the Released Parties, including, but not

399  limited to ANICO's producers and representatives, or any of them.

400      41.    Releasing Parties, without limitation, are precluded and estopped from bringing

401  any claim or cause of action in the future, related in any way, directly or indirectly, in whole or

402  in part upon:  (a) the allegations, facts, subjects or issues that have been, could have been, may

403  be or could be set forth or raised in this Action with respect to credit life insurance or credit

404     disability insurance, or (b) the manner in which the Released Parties trained and supervised any

405     of the Released Parties, including but not limited to ANICO's producers and representatives, or

406     any of them.

407         42.     Releasing Parties acknowledge that they are releasing both known and unknown

408     and suspected and unsuspected claims and causes of action, and are aware that they may

409     hereafter discover legal or equitable claims or remedies presently known or unsuspected, or facts

410     in addition to or different from those which they now know or believe to be true with respect to

411     the allegations and subject matters in the Action with respect to credit life insurance or credit

412     disability insurance or with respect to the released claims. Nevertheless, it is the intention of

413     Releasing Parties to fully, finally and forever settle and release all such matters, and all claims

414     and causes of action relating thereto, which exist, hereafter may exist, or might have existed

415     (whether or not previously or currently asserted in this Action).

416         43.     Releasing Parties expressly acknowledge certain principles of law applicable in

417     some states, such as Section 1542 of the Civil Code of the State of California, which provide that

418     a general release does not extend to claims that a creditor does not know or suspect to exist in his

419     or her favor at the time of executing the release, which if known by him or her must have

420     materially affected his or her settlement with the debtor. Notwithstanding the choice of law

421     provision in this Settlement Agreement, to the extent that California or other law may be

422     applicable, Plaintiffs and Class Members hereby agree that the provisions of Section 1542 of the

423     Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal

424     principles of any other jurisdiction that may be applicable here, are hereby knowingly and

425     voluntarily waived and relinquished by Releasing Parties, and Releasing Parties agree and

426  acknowledge that this provision is an essential term of the Settlement Agreement and this
427  Release.

428      44.      Releasing Parties further agree that no third party, including but not limited to any
429  private attorney general or California Business and Professions Code §17200 plaintiff, shall
430  bring any claims released herein on behalf of any Releasing Party.

431      45.      Nothing in this Release shall be deemed to release a Class Member's right to
432  assert any claims or causes of action that arise from acts, facts, or circumstances arising
433  exclusively after the entry of the Final Non-appealable Judgment, or preclude any action to
434  enforce the terms of this Settlement Agreement.

435      46.      Nothing in this Release shall be deemed to alter a Class Member's right to receive
436  any unearned premium refund upon any early loan payoff that occurs after the entry of the Final
437  Non-appealable Judgment.

438      47.      This Release may be raised as a complete defense to and will preclude any action
439  or proceeding that is encompassed by this Release.

440      48.      The provisions of this Release together constitute an essential and material term
441  of the Settlement Agreement to be included in the Final Order and Judgment entered by the
442  Court.

443                              **PROSPECTIVE RELIEF**

444      49.      ANICO shall institute Prospective Relief intended to insure that unearned
445  premium refunds are properly paid to insureds whose loans terminate early. That Prospective
446  Relief shall include the following:

447      (1)      Within sixty days of the entry of Final Non-appealable Judgment in this case,
448  ANICO will have in place a policy of sending a letter to each insured shown in its system to be

449    active 30 days prior to the scheduled termination of the underlying loan, reminding the insured of

450    their right to refund in the event of prepayment of the loan underlying the credit insurance

451    policy, except that ANICO shall not be required to provide that notice to any insured who

452    borrows money from a financial lending institution that also serves as an agent for ANICO,

453    because the unified nature of the lending and insuring transaction makes it highly likely that

454    refunds of unearned premiums are properly calculated in the event of early termination of the

455    loan;

456         (2)    On at least an annual basis, ANICO shall send a notice to each active insured

457    notifying each such insured, in the form attached hereto as **Exhibit D**, that they have a right to an

458    unearned premium refund if their loans have terminated early. ANICO may, if it chooses, send

459    such notices at the same time it sends annual privacy notices to each of its insureds; and,

460         (3)    With respect to all producers identified in Paragraph 24, ANICO will issue a clear

461    and succinct written advisory, in the form attached hereto as **Exhibit E**, that such producers are

462    obligated, in the event that they become aware of early termination of an insured loan, to notify

463    ANICO of the early termination of the loan and whether the unearned premium has been paid or

464    credited to the insured. If the unearned premium has not been paid or credited to the insured,

465    ANICO will pay the unearned premium to the insured.

466                                        **NOTICE**

467         50.    Within 320 days after the Court issues an Order preliminarily approving the Class

468    Settlement, but no less than 45 days prior to a Fairness Hearing, ANICO shall provide written

469    notice to the Class Members of their rights to object or opt out of the Settlement Agreement

470    pursuant to Rule 23(e), Fed.R.Civ.P., in the form attached hereto as **Exhibit F**. The parties

471    hereto agree to request jointly that the Court grant either party the right to depose any objector

472    and/or any objector's proposed witnesses upon request made by either party.

473                                   **FAIRNESS HEARING**

474    51.    The Court shall hold a Fairness Hearing per Fed.R.Civ.P. 23(e)(1)(C) no earlier

475    than 365 days after the entry of an order preliminarily approving the class action settlement. If

476    the Court does not find that the Proposed Settlement is fair, reasonable and adequate, the

477    Settlement Agreement shall be of no force or effect.

478                                   **ATTORNEYS' FEES**

479    52.    ANICO understands that proposed Class Counsel intend to seek a contingent fee

480    payment out of the "common fund" created by this settlement (also sometimes referred to as the

481    "Settlement Fund"). Class Counsel will submit an application for this contingent fee to the Court

482    for its consideration and approval pursuant to Fed.R.Civ.P. 23(h).  ANICO will not oppose any

483    motion for a contingent fee of 25% or less of the Settlement Fund, plus reimbursement of those

484    expenses contemplated by this Settlement Agreement.  Any approved contingent fee will be

485    proportionately deducted from payments to be made to members of the Settlement Class. Within

486    30 days after the entry of a Non-appealable Final Judgment. ANICO will pay Class Counsel its

487    contingent fee, if awarded by the Court, from the payments to be made to the Class.  For

488    purposes of this Agreement, Final Non-appealable Judgment shall mean a Judgment of the Court

489    to which no objections are filed which can result in appeal, or to which no notice of appeal is

490    filed, or to a judgment that is affirmed on appeal.

491                            **PAYMENTS TO CLASS MEMBERS**

492    53.    Within 30 days after the entry of a Final Non-appealable Judgment in this case,

493    ANICO will issue refund checks to Class Members in the Gross Amount Due each Class

494  Member, less any attorneys' fees awarded to Class Counsel from the Settlement Fund, and will
495  prepare a report of settlement payments to the Settlement Administrator. ANICO will send the
496  settlement checks via first class mail to the best known address of the policyholder, after each
497  such address has been updated using Accurint. In the event that a check is returned, ANICO will
498  again conduct an update of the address (using Accurint), and mail the refund check to the insured
499  a second time.

500                     **UNCLAIMED PAYMENTS TO CLASS MEMBERS**

501       54.    180 days after the entry of a Final Non-appealable Judgment in this case, ANICO
502  will deposit an amount equal to the amount of all settlement checks issued but not cashed, into
503  the registry of the Court in an interest bearing account (or accounts), and that deposit will
504  generally be treated as funds that have been interpleaded pursuant to Rule 22 (or the statutory
505  interpleader provisions found in 28 U.S.C. §§ 1335, 1339 and 2361).    The Settlement
506  Administrator is specifically charged with monitoring ANICO's compliance with this
507  requirement. Upon such deposit, ANICO will be discharged of further liability with respect to
508  the funds and dismissed from this case by Final Judgment resolving all claims of the class
509  pursuant to Fed.R.Civ.P. 54(b). Within 90 days after the funds are placed in the registry of the
510  Court, all parties with notice of this Settlement (with the exception of ANICO) may assert any
511  claim that each believes that it has to any portion of the funds. ANICO and its counsel will take
512  no action to encourage such claims; however, providing notice to the class pursuant to Rule 23
513  and providing that notice required by CAFA shall not constitute encouraging such claims. Class
514  Counsel will advise the Court of any opposition to any such claim that is filed with the Court.
515  The Court will decide whether any such claim is valid.   Any amount remaining after the
516  resolution of any claims will be distributed for the charitable purpose of advancing consumer

517    awareness and consumer rights. ANICO understands that plaintiffs intend to propose a plan for

518    administration of these remaining funds with a motion requesting that the remaining funds

519    constitute a Remainder Fund to be administered by Hon. Clay D. Land, James E. Butler, Jr.,

520    Charles A. Gower, Ben B. Philips, and Joel O. Wooten, Jr., as the Remainder Fund Committee.

521    A form of Plaintiffs' motion is attached as **Exhibit G**, and ANICO agrees to take no position in

522    opposition to such a motion.

523                                **TERMINATION OF AGREEMENT**

524            55.     At the sole election of any party at any time prior to the entry of a Final Judgment,

525    the Settlement Agreement shall be terminable by any party if any Court revises, modifies or

526    disapproves of any of the material terms thereof. ANICO or Class Counsel may terminate this

527    agreement if any attorney general, regulatory or administrative authority: (a) objects either to any

528    aspect or term of the Agreement or to the intended financial results of the proposed relief; or (b)

529    asks the Court to require any modification to the Agreement, including, without limitation, a

530    construction or expansion of the scope of the contemplated relief that either party in its sole

531    discretion, deems material; ***but only if*** (c) any such objection is sustained by the Court or the

532    Court grants any such request to modify the Agreement.

533                                  **EFFECT OF TERMINATION**

534            56.     If this Agreement is terminated then:  (a) it shall be null and void and shall have

535    no force or effect, and no Party to this Agreement shall be bound by any of its terms; (b) this

536    Agreement, all of its provisions, and all negotiations, statements and proceedings relating to it

537    shall be without prejudice to the rights of ANICO, Plaintiffs or any other Class Member, all of

538    whom shall be restored to their respective positions existing immediately before the execution of

539    this Agreement; (c) ANICO and its current and former directors, officers, producers, employees,

540    agents, attorneys and representatives expressly and affirmatively reserve all defenses, arguments

541    and motions as to all claims and causes of action that have been or might later be asserted in this

542    Action, including (without limitation) any applicable statutes of limitation and the argument that

543    the Action may not be litigated as a class action; (d) Plaintiffs and their current and former

544    predecessors, successors, heirs, agents or assigns expressly and affirmatively reserve all motions

545    as to, and arguments in support of, all claims or causes of action that have been or might later be

546    asserted in this Action; (e) neither this Settlement Agreement, nor the fact of its having been

547    made, shall be admissible or entered into evidence for any purpose whatsoever; (f) Class Counsel

548    shall, within ten (10) days of termination by any Party, return to ANICO's counsel the List of

549    Class Members and any and all data, information, communications and reports received either

550    from ANICO or from the Settlement Administrator; and, (g) any order or judgment entered in

551    this case after the date of this Settlement Agreement will be deemed vacated and will be without

552    any force or effect.

553                    **COMMUNICATIONS ABOUT THE SETTLEMENT**

554         57.    Other than as specifically ordered by the Court, neither the Parties nor any Class

555    Member (including any attorney or other representative or agent of any Party or Class Member)

556    shall issue any public, mass, or generalized communications about the Settlement (other than

557    disclosures required by law) prior to the entry of the Final Non-appealable Judgment, whether by

558    press release or any other means, without the prior written consent of the other Parties.  In no

559    event shall any public, mass, or generalized communications about the Settlement disparage,

560    demean or criticize the Settlement, the Agreement, any of the Parties or any representative,

561    attorney or agent of the Parties.  Furthermore, in no event shall any public, mass, or generalized

562    communications discuss or suggest the aggregate value of the Settlement or Agreement,

563    including fees paid to Plaintiff's Counsel. However, ANICO reserves the right to disclose the
564    existence, terms and conditions of the Settlement Agreement to any federal or state agencies,
565    regulators, rating agencies, financial analysts or producers in the ordinary course of business or
566    as required by any applicable law or regulation.

567                                    **TOTAL RELIEF**

568        58.    Plaintiffs, Class Counsel and Defendant further expressly agree that under no
569    circumstances whatsoever shall Defendant be responsible for paying any monies, benefits, costs,
570    expenses or attorneys' fees in settlement of this Action other than as expressly provided for by
571    this Settlement Agreement; nor will Defendant be required to take any action heretofore or incur
572    any liability or pay any expense or be required to do any other thing, except as expressly
573    provided herein.

574                        **PLAINTIFF'S REPRESENTATIVE CAPACITY**

575        59.    Plaintiff, individually and as Class Representative, represents and certify that: (1)
576    he has agreed to serve as the representative of the Class proposed to be certified herein; (2) he is
577    willing, able and ready to perform all of the duties and obligations of a representative of the
578    Class, including, but not limited to being involved in discovery and fact-finding; (3) he has read
579    the pleadings in this Action, including the Complaint, or has had the contents of such pleadings
580    described to them; (4) he is familiar with the results of the fact-finding undertaken by Class
581    Counsel; (5) he has been kept apprised of settlement negotiations among the Parties, and has
582    either read this Agreement, including the exhibits annexed hereto, or has received a detailed
583    description of it from Class Counsel and has agreed to its terms; (6) has consulted with Class
584    Counsel about the Action, this Settlement Agreement and the obligations imposed upon the
585    representative of the Class; (7) has authorized Class Counsel to execute this Agreement on his

586  behalf; and, (8) shall remain and serve as representative of the Class until the terms of this

587  Settlement Agreement are effectuated, this Agreement is terminated in accordance with its terms,

588  or the Court at any time determines that he cannot represent the Class any longer.  Upon

589  approval of the Court, ANICO agrees not to oppose an incentive award to Paul Perkins as Class

590  Representative in an amount not to exceed $15,000.00 to be paid by ANICO within 30 days after

591  the entry of a Final Non-appealable Judgment.  If a Class Member or Class Representative is

592  deceased on the date when financial relief would otherwise be awarded to him or her, his or her

593  estate shall be eligible to nominate another person to receive in the deceased Class Member's

594  stead, any relief to which the Class Member would have been entitled.

595  **DISCOVERY MATERIALS**

596  60.    Plaintiffs and their counsel agree that the information made available to them

597  through the discovery process was made available on the conditions that neither Plaintiffs nor

598  their counsel may disclose it to third parties (other than experts or consultants retained by

599  Plaintiffs in connection with this Action), nor shall it be the subject of public comment; provided

600  however, that nothing contained herein shall prohibit Plaintiffs from seeking such information

601  through formal discovery or from referring to the existence of such information in connection

602  with the settlement of this Action.

603  **NOTICES**

604  61.    Whenever this Settlement Agreement requires or contemplates that one party shall

605  or may give notice to another, notice shall be provided by Adobe PDF attachment to email

606  and/or by next-day express delivery as follows:

607  If to ANICO:

608  Andrew J. Mytelka

609                    Greer, Herz & Adams, L.L.P.

610                    One Moody Plaza, 18th Floor

611                    Galveston, Texas 77550

612                    EMAIL: amytelka@greerherz.com

613                                          **AND**

614                    John L. Carter

615                    Vinson & Elkins LLP

616                    1001 Fannin, Suite 2500

617                    Houston, Texas 77002

618                    EMAIL: jcarter@velaw.com

619            If to Plaintiff and/or the Class:

620                    James E. Butler, Jr.

621                    Butler, Wooten & Fryhofer, LLP

622                    105 13th Street

623                    Columbus, Georgia 31901

624                    EMAIL: jim@butlerwooten.com

625                                          **AND**

626                    Ben B. Philips

627                    Philips Branch

628                    1415 Wynnton Road

629                    Columbus, Georgia 31902

630                    EMAIL: ben@philips-branch.com

631                          **CALCULATION OF TIME PERIODS**

632        62.      All time periods set forth herein shall be computed in calendar days unless

633    otherwise expressly provided.  In computing any period of time prescribed or allowed by this

634    Agreement of by order of the Court, the day of the act, event, or default from which the

635    designated period of time begins to run shall not be included.  The last day of the period so

636    computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act

637    to be done is the filing of a paper in court, a day on which weather or other conditions have made

638    the office of the Clerk of the Court inaccessible, in which event the period shall run until the end

639    of the next day that is not one of the aforementioned days.

640                       **EVIDENTIARY EFFECT OF AGREEEMENT**

641        63.      Neither this Settlement Agreement nor any related negotiations, statements or

642    court proceedings shall be construed as, offered as, received as, used as or deemed to be

643    evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of

644    any person or entity, including but not limited to ANICO, or as a waiver by ANICO of any

645    applicable defense, including without limitation any applicable statute of limitations or statute of

646    frauds or failure to establish a class action, or as a waiver by Plaintiff or the Class of any claims,

647    causes of action or remedies.

648                            **DEFENDANT'S DENIAL**

649        64.      ANICO expressly denies any wrongdoing alleged in the pleadings and does not

650    admit or concede any actual or potential fault, wrongdoing or liability in connection with any

651    facts or claims that have been or could have been alleged against it in this Action, but consider it

652    desirable for the Action to be settled and dismissed because this Settlement will:  (i) provide

653    substantial benefits to the ANICO's present and former insureds; (ii) avoid substantial expense

654    and the further disruption of the management and operation of ANICO's business due to the
655    pendency and defense of the Action; and (iii) finally put Plaintiffs' claims and the underlying
656    matters to rest.

657                              **PLAINTIFFS' AFFIRMATION**

658        65.    Plaintiffs expressly affirm that the allegations contained in the Complaint were
659    made in good faith and have a substantial basis in fact, but consider it desirable for the Action to
660    be settled and dismissed because of the substantial immediate benefits that the proposed
661    Settlement will provide to ANICO's present and former insureds, and the uncertainty of the legal
662    issues.

663                                **TAX CONSEQUENCES**

664        66.    No opinion concerning the tax consequences of the Settlement to individual Class
665    Members is being given or will be given by ANICO, ANICO's counsel or Plaintiffs' counsel,
666    nor is any representation or warranty in this regard made by virtue of this Agreement. Each
667    Class Member's tax obligations, and the determination thereof, are the sole responsibility of the
668    Class Member, and it is understood that the tax consequences may vary depending upon the
669    particular circumstances of each individual Class Member.

670                          **ANICO'S RESERVATION OF RIGHTS**

671        67.    ANICO's execution of this Agreement shall not be construed to release—and
672    ANICO expressly does not intend to release—any claim or cause of action ANICO may make
673    against any insurer, reinsurer, producer and/or agent for any cost or expense incurred in
674    connection with this Settlement, including, without limitation, commissions, attorneys' fees and
675    costs.

676        SIGNED THIS _4th_ DAY OF MAY, 2007.

677

678     By:     _____

679             Andrew J. Mytelka, Counsel for American National Insurance Company

680

681     By:     _____

682             James E. Butler, Jr., Counsel for Paul Perkins and the Class

683

684     By:     _____

685             Ben B. Philips, Counsel for Paul Perkins and the Class