IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PAUL PERKINS, Individually and on Behalf of a class of all persons Similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No: 3:05-CV-100 (CDL) |
| AMERICAN NATIONAL INSURANCE COMPANY, a Foreign corporation, | ) ) ) | |
| Defendant. | ) | |

### MOTION FOR COURT ORDER TO OBTAIN INFORMATION REGARDING INSUREDS' LOAN TERMINATION FROM TRANS UNION, A CREDIT REPORTING AGENCY

Come now American National Insurance Company ("American National") and the Plaintiff in the above-captioned case and move the Court to enter an Order authorizing American National to provide certain information to TransUnion, through the Settlement Administrator, and that TransUnion provide certain information to the Settlement Administrator, and that the Settlement Administrator then report to the parties regarding a comparison of information received regarding said insureds.

The Parties show that they seek to confirm and/or determine the entitlement of insureds to unearned premium refunds, and for that purpose, seek to compare loan termination dates for particular certificates which have been obtained by American National from lenders to loan termination dates indicated by information regarding those same certificates which can be obtained from TransUnion.

The Court has previously entered its Order of November 21, 2008, authorizing and directing that American National provide certain other information to TransUnion, through the Settlement Administrator and that TransUnion provide certain information to the Settlement Administrator. By this Motion, the parties ask that the Court direct that the same information be provided by TransUnion regarding other insureds whose loan termination dates have previously been obtained by ANICO and the Settlement Administrator from lenders.

The purpose of this test is to verify the accuracy of the pay off dates obtained from TransUnion should there be any challenge to the legitimacy of those dates and the insureds' corresponding entitlement to a refund.

Accordingly, the parties jointly request that the Court enter its Order directing that:

(1) American National is permitted to provide information to TransUnion regarding putative class members, through the Settlement Administrator agreed to by the parties.

(2) The Settlement Administrator shall work with American National and Class Counsel to create a statistically significant sample of insureds for whom American National has obtained loan termination dates whose information shall be requested from TransUnion.

(3) TransUnion shall provide the following information, regarding the insureds identified by American National, to the Settlement Administrator: the loan origination date; whether the relevant loan had a balance of zero; the month and year of last activity for the relevant loan; the name of the

lending institution for the relevant loan; and the beginning or high balance of the relevant loan.

(4) The Settlement Administrator is permitted to compare the information provided by TransUnion to information previously obtained by American National regarding said insureds' loan termination dates.

(5) The Settlement Administrator is permitted to report the results of that comparison to the parties to this case.

(6) TransUnion is Ordered not to enter this search as a "hard inquiry" in the credit history of insureds or otherwise impact their "Beacon" or other credit scores, and not to provide any credit scores to any party or person.

(7) TransUnion and the Settlement Administrator shall not disclose any personal information regarding insureds to anyone not entitled to receive it other than the information identified above, the loan termination dates obtained by American National from lenders for such insureds, and the results of the Settlement Administrator's comparison of such information. Any other information shall be treated as confidential information pursuant to the terms of the Protective Order that is in place in this case.

(8) The Settlement Administrator shall be responsible for paying TransUnion for its services.

Respectfully submitted, this 9th day of January, 2009.

By: _____
James E. Butler, Jr.
Joel O. Wooten
Butler, Wooten & Fryhofer, LLP
105 Thirteenth Street
Columbus, GA 31901

ATTORNEYS FOR PLAINTIFF, PAUL
PERKINS AND FOR THE CLASS

    Andrew Mytelka
    Greer, Herz & Adams, L.L.P.
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550
    409-797-3200

    Joseph Russo
    Greer, Herz & Adams, L.L.P.
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550
    409-797-3200

    Eric Kirkpatrick
    Greer, Herz & Adams, L.L.P.
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550
    409-797-3200

    Richard Y. Bradley
    Bradley & Hatcher LLP
    3311 W. 11th Street
    Columbus, GA 31902

ATTORNEYS FOR DEFENDANT
AMERICAN NATIONAL INSURANCE
COMPANY