UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **PAUL PERKINS, Individually and on Behalf of a Class of all Persons Similarly Situated**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICAN NATIONAL INSURANCE COMPANY, a Foreign Corporation**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§      CASE NO.: 3:05-CV-100 (CDL) |

**FINAL ORDER CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING THE CLASS SETTLEMENT, AND ENJOINING PROSECUTION OF RELEASED CLAIMS**

This matter having come on to be heard at 10:00 a.m. on January 14, 2009, on the joint motion of Plaintiff, Paul Perkins, and Defendant, American National Insurance Company, for final approval of the class action settlement of this matter, the parties having presented their Class Action Settlement Agreement, with exhibits dated May 4, 2007 (collectively, the "Settlement Agreement") to the Court, and the Court having held a hearing on the fairness of the proposed settlement of this action, at which objectors to the settlement had the opportunity to appear, and the Court being fully advised in the premises, now finds that:

1. For purposes of this Final Approval Order and Judgment, the Court adopts and incorporates herein by reference the following: the Settlement Agreement, with exhibits, as submitted to this Court on May 16, 2007 and any amendments thereto; the Court's Preliminary Approval Order (as defined below); the Court's Order Concerning Collection of Information; the

Order Authorizing Methods of Data Collection; the Motion and Memorandum In Support of Final Approval of Class Certification; and the exhibits to the Motion and Memorandum In Support of Final Approval of Class Certification.

2.      On May 16, 2007, the Court entered findings and an Order Preliminarily Certifying a Class for Settlement Purposes Only, Appointing Class Counsel for the Class, Directing the Issuance of Notice to the Class, and Scheduling a Fairness Hearing (the "Preliminary Approval Order") preliminarily certifying the putative Class in this Action for settlement purposes as fair, reasonable and adequate and within the range of possible approval under Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e).  The Court also approved the proposed Notice to class members as satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3.      The parties and Settlement Administrator undertook the massive effort to identify Class Members and the notices to class members were timely sent by first-class US mail to Class Members on approximately 94,409 policies meeting the Class Member definition set forth in the Court's Preliminary Approval Order.

4.      The filing of Class Member objections to the settlement and Class Member requests for exclusion from the settlement having passed on December 15, 2008, the parties have filed and presented in open court the Joint Motion for Final Approval of Class Action Settlement.

5.      The issues as to liability and remedies, if any, in this Action, are issues as to which there are grounds for differences of opinion, and the proposed settlement of this Action

constitutes a resolution of those issues that is fair, reasonable and adequate to the member of the Settlement Class.

Based on the submissions of the Parties and the arguments presented at the Fairness Hearing, it is **THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Jurisdiction.** This Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §1332(d)(2) and personal jurisdiction over the parties and Class Members (as defined below). The administration and consummation of the settlement as embodied in this Settlement Agreement shall be under the authority of this Court and this Court shall retain jurisdiction for the purpose of enforcing this Order or the terms of this Settlement Agreement, including any Permanent Injunctions or the terms related to Prospective Relief.

2. **Certification of Class for Settlement Purposes.** For settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(a) and (b) are satisfied in that: (1) the List of Class Members is so numerous that separate joinder of each member is impracticable; (2) there are questions of law and fact common to the List of Class Members; (3) the claims or defenses of Plaintiff are typical of the claims or defenses of the List of Class Members; and (4) Plaintiff has and will fairly and adequately protect the interests of the List of Class Members. In addition, for settlement purposes only, the Court finds that the requirements of Federal Rule of Civil Procedure 23(b) are satisfied in that questions of law or fact common to members of the List of Class Members predominate over any questions affecting only individual members, and a class action in the case of this Settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

3

3. **Final Approval of Class Settlement.** As part of its rigorous analysis, the Court employed the following six-factor analysis to determine whether to grant final approval to the Class Action settlement: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved. The Court also examined whether there was any indicia of fraud, collusion, or evidence that the Settlement Agreement was not negotiated at arm's length. After careful consideration of the filings in this case, the discovery conducted, the Motion for and Memorandum Supporting Final Approval, and supporting documentation, the Class previously preliminarily certified is hereby finally certified for settlement purposes only under Federal Rule of Civil Procedure 23(a), (b)(3) and (e). The Court finds that the Settlement Agreement is fair, reasonable and adequate.

4. **Notice.** After completing a necessary rigorous analysis of the notice process defined in the Settlement Agreement, the Court finds that the mail notice and distribution of the notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order:

(a) constitutes the best notice practicable;

(b) is reasonably calculated under the circumstances to apprise the Class Members of:

(i) the pendency of this class action;

(ii) their right to exclude themselves from the Class and the proposed settlement;

(iii) their right to object or exclude themselves from the Settlement Agreement;

4

(iv) their right to appear at the Fairness Hearing on their own or through counsel hired at their own expense if they did not exclude themselves from the Class; and

(v) the binding effect of the orders and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

(c) is reasonable and constitutes due, adequate and sufficient notice to all Class Members and other persons entitled to receive notice; and

(d) meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfies due process under the Georgia and United States Constitution and any other applicable law.

The notice process effectively reached a substantial percentage of Class Members and delivered notices to capture Class Members' attention; afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

5.   **Class Definition.** The Class consists of all persons or entities (the "Class Members") who purchased single premium credit life and/or credit disability insurance issued by ANICO in the United States whose policies (a) were in effect and entered into ANICO's LOGIC system[1] at any time between October 7, 1999, and May 16, 2007; and (b) whose insured

---

[1] When used herein, or in any document related to this Action, "entered into ANICO's LOGIC system" shall refer to that computer processing system used by ANICO to administer credit life and credit disability insurance policies as sold by all its various producers. ANICO expressly represents and warrants that every credit life and credit disability insurance policy sold by its various producers are in fact entered into the LOGIC system.

5

indebtedness was extinguished prior to its scheduled termination while the insurance was in effect; and (c) who have not received a refund of any unearned premium.

Excluded from the Class are those persons who received a refund of unearned premium: (1) in the ordinary course of ANICO's business; or (2) pursuant to the final executed Assurance of Voluntary Compliance ("AVC") with the Attorney General of the State of Texas and attached to the Settlement Agreement as Exhibit A (the "AVC Agreement"). In this paragraph, "ordinary course of ANICO's business" shall permit ANICO to send a refund of unearned credit life or credit disability insurance premium to any insured who independently requests ANICO to refund unearned premium or as to whom ANICO receives information other than through the process described in paragraphs 23 through 33 of the Settlement Agreement that establishes a refund of unearned premium is due to be issued. Specifically, ANICO agrees not to use any of the information it gathers in preparing the List of Prospective Class Members as a basis to pay any potential Class Member a refund of any unearned credit insurance premium until so required by the terms of this Settlement Agreement. In other words, ANICO will not take advantage of the process outlined in the Settlement Agreement to issue refunds except pursuant to the terms of this Settlement Agreement, as doing so would diminish the size of the Class included in this Settlement Agreement. In this paragraph, "pursuant to the final executed Assurance of Voluntary Compliance ("AVC") with the Attorney General of the State of Texas," shall mean that the following insureds residing in the State of Texas shall be excluded from the Class as a result of this clause: (a) those insureds who purchased insurance in the State of Texas, previously identified on those lists prepared by the Attorney General of the State of Texas in connection with the AVC Agreement to the Settlement Agreement as those Texas motor vehicle purchasers

who are due a refund of unearned premiums for the years from 2002 through 2006; and, (b) those residents of Texas who were insured by ANICO credit life or credit disability insurance during the years 2002 through 2006, who received "claim forms" in the mail pursuant to the AVC Agreement, and who then responded to the first class mail notice contemplated by the AVC Agreement by having sent in the "claim forms" described therein, and who thereafter are paid unearned premium refunds by ANICO pursuant to the terms of the AVC Agreement as a result of submitting valid claim forms.

Any person who is or that has a person in their immediate family that is an employee of Defendant or is an employee of the judiciary of the Eleventh Judicial Circuit of the United States is excluded from the Class.

Those persons meeting the Class Definition, who did not exclude themselves from the settlement, shall comprise the Class Members for purposes of this Order. The persons listed in Exhibit D to the parties' Joint Motion for Final Approval timely requested that they be excluded from the settlement (the "Successful Opt-outs"), and are hereby excluded from the list of Class Members. Neither this Order nor the Preliminary Approval Order shall affect the rights of these persons to pursue any claim against Defendant.

6. **Adequacy of Class Counsel and Class Representative.** After conducting a rigorous analysis of the requirements of Federal Rule of Civil Procedure 23(g), the Court finds that James E. Butler, Jr. and Ben B. Phillips (collectively referred to as "Class Counsel"), and Paul Perkins, as class representative, have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of

Federal Rule of Civil Procedure Rule 23(g).  Thus, the Court approves Class Counsel and approves Paul Perkins as class representative.

7.   **Effect of Judgment.**  The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on the plaintiff and all other Class Members, except the Successful Opt-Outs, as well as their heirs, executors and administrators, successors and assigns, and anyone acting on behalf of Class Members, as excepted, or for their benefit, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release.

8.   **Release and Waiver.**  The release of Released Parties, as set forth in the Settlement Agreement, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment and the Parties and Class Members, except the Successful Opt-Outs, shall thereupon be fully, finally and forever released from all claims and other matters within the scope of the releases contained in the Settlement Agreement.  The release will apply to all Class Members, except the Successful Opt-Outs, irrespective of the Class Member's actual receipt of payment under or other participation in the Settlement Agreement by any Class Member.

9.   **Permanent Injunction.**  All Class Members, except Successful Opt-outs, and anyone acting on their behalf or for their benefit, are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit,

8

arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action that have been, may be, or could have been set forth or raised in the Action, and the claims released in the Settlement Agreement; and/or (ii) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, or the claims released in the Settlement Agreement.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment.  Any person found in contempt of this injunction will be subject to sanctions.  Any Released Party who must seek from the Court the compliance of a Releasing Party, as defined in the Settlement Agreement, who is in violation of this injunction, is entitled to reimbursement of his or her or its attorneys' fees incurred as a result of seeking such compliance.

10. **Objections to Settlement.** The Court provided all Class Members and their representatives, who complied with the requirements for objections and appearance at the Fairness Hearing set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed settlement.  However, no objections to this Settlement have been made or filed.

11. **Enforcement of Settlement.** Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement, nor shall anything in this

9

Final Order and Judgment preclude the plaintiff or other Class Members from participating in the Settlement Administration process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

12. **Modification of Settlement Agreement.** The parties are hereby authorized, without needing further approval from the Court and without further notice to the Class, to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as are consistent with this order and that do not limit the rights of Class Members under the Settlement Agreement.

13. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, so that the contempt power of the Court can be invoked to address any violations of the Settlement Agreement, this Order and any accompanying injunctions and for any other necessary purpose, including, without limitation: (a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Final Order and Judgment (including whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment); (b) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members and anyone acting on their behalf or for their benefit from

initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and (c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under the Settlement Agreement.

14.     **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment, is, may be construed as, or may be used as an admission or concession by or against Defendant, the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denial or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by Defendant or Released Parties (as defined in the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

15. **Dismissal of Action.** The individual and Class claims released in the Settlement Agreement, or brought in this Action or which could have been asserted in this Action, are hereby Dismissed With Prejudice by the plaintiff and all other Class Members.

16. Consummation of the settlement, and the timing of the payments contemplated therein, and by this Order, shall proceed as described in the Settlement Agreement.

ENTERED this 14th day of January, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
