UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PAUL PERKINS, Individually and on Behalf of a Class of all Persons Similarly Situated<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY, a Foreign Corporation | §<br>§<br>§<br>§     CASE NO.: 3:05-CV-100 (CDL)<br>§<br>§<br>§<br>§ |

### ORDER APPROVING ATTORNEYS' FEES
### AND CLASS REPRESENTATIVE FEE

On January 14, 2009, this Court held a Final Fairness Hearing for the preliminarily approved settlement of the above-captioned class action. The Court approved the class action settlement by issuance of its Final Order Certifying a Class for Settlement Purposes, Approving the Class Settlement, and Enjoining Prosecution of Released Claims, dated January 14, 2009.[1] The Court also had evidence at the January 14, 2009 Fairness Hearing pertaining to the issues addressed in this Order: the award of attorneys' fees to Class Counsel and class representative fees pursuant to the Settlement Agreement between the Parties and this Court's Order Preliminarily Approving the Class Settlement, dated May 16, 2007.

After careful deliberation and consideration of all of the facts and circumstances of this case, the evidence and the resulting Settlement, the Court finds that the following fees and

---

[1] This Order incorporates and references the previous filed documents, motions and orders pertaining to this Action's settlement: including but not limited to the Settlement Agreement, which was approved by this Court on May 16, 2007, the Preliminary Approval Order [Pacer Doc. No. 103], and the Final Order Certifying a Class for Settlement Purposes, Approving the Class Settlement, and Enjoining Prosecution of Released Claims. All capitalized terms in this Order, if not defined herein, have the same use and meaning as how they are defined in these preceding documents, motions and Orders.

expenses should be reasonably and properly paid pursuant to Federal Rules 23(h) and 54(d)(2), the Constitution and all other applicable authorities and laws.

**Attorneys' Fees**

After careful review and consideration of the entire record and after hearing from Class Counsel and Counsel for ANICO, Class Counsel are hereby awarded Attorneys' Fees in the amount of $5,513,720.33 to be paid from the Settlement Fund to Class Counsel after the entry of Final Non-Appealable Order and Judgment, as defined by the Settlement Agreement. The Court finds that this award of Attorneys' Fees to Plaintiff's Counsel, which is 25% of the unearned premiums recovered for all currently identified Class Members, is warranted for a number of reasons, including but not limited to the following: the excellent results obtained for the Class in this highly contested and vigorously defended case; the customary range of fees awarded in this jurisdiction for cases (both in class actions and individual claims) of similar complexity and novelty; the risk born by Class Counsel in bringing a case of this magnitude and complexity; the duration of time spent by Class Counsel and their legal team in litigating this case (and other cases against the same defendant) for over three years; the skill, experience and persistence required by Class Counsel to shepherd this case through the litigation process; the time spent by Class Counsel in obtaining Class Certification, pursuing discovery, developing methodologies to identify Loan Termination Dates so eligible Class members would ultimately be entitled to obtain refunds; the time spent successfully defending against the competing class settlement in federal court in Texas; the time spent by Class Counsel in negotiating this Settlement; and the fact that there were no objections contesting the Settlement of this case or the proposed award of Attorneys' Fees. Such award of Attorneys' Fees is to be paid to Class Counsel within thirty (30)

days from the entry of Non-Appealable Final Judgment, as set forth in the Settlement Agreement. At the appropriate time, Class Counsel, in its discretion but subject to any agreements with counsel for the Class, shall allocate and distribute this award of Attorneys' Fees among counsel for the Class.

**Incentive Award**

Class Representative Paul Perkins is hereby awarded an incentive award in the amount of $15,000. W. Bailey Gross, the Plaintiff in the related action of *Gross v. American National Insurance Company,* Case No. SU-05-CV-569-6 (filed in the Superior Court of Muscogee County, Georgia), is also awarded an incentive award of $15,000. The Court finds these awards are justified by the time and effort Messrs. Perkins and Gross have expended in representing and advocating for the Class during this lengthy litigation and during the settlement process. These two incentive awards are to be paid by ANICO to Messrs. Perkins and Gross separate and apart from the recovery to the Class Members within thirty (30) days following the entry of Non-Appealable Final Judgment, as set forth in the Settlement Agreement.

**Expenses**

The Court notes that Class Counsel do not seek reimbursement or payment for other fees, expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the plaintiff or Class Members, in connection with or related in any manner to this Action, the Settlement of this Action, the administration of such Settlement, and/or the Released Claims. Similarly, Class Counsel, or any other counsel, does not seek reimbursement of any incurred costs or expenses related to the litigation of *Gross v. American National Insurance Company*, or *Boren v. American National Insurance Company.*

3

**Remainder Fund**

The Court further retains jurisdiction pursuant to paragraph 13 of the Court's January 14, 2009 Final Order Certifying a Class for Settlement Purposes, Approving the Class Settlement, and Enjoining Prosecution of Released Claims as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of the Final Order and Judgment and all matters relating to the establishment and administration of the Remainder Fund, as contemplated by paragraph 54 of the Settlement Agreement. The Court orders Class Counsel to update the Court at the appropriate time so this Court and Class Counsel can administer establishment of the Remainder Fund and the Court can oversee and administer the disposition of the Remainder Fund with the assistance of Class Counsel, pursuant to paragraph 54 of the Settlement Agreement.

**Retention of Jurisdiction**

The Court has jurisdiction to enter this Order Approving Attorneys' Fees and Class Representative Fees. Without in any way affecting the finality of this Order, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order, and the Final Order and Judgment, and for any other necessary purpose, including, without limitation:

        (a)    enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Order or the Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether

4

claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment, etc.);

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members and anyone acting on their behalf or for their benefit, from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under the Settlement Agreement.

So Ordered, this 14th day of January, 2009.

    S/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE